**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Mikayla G. Regier, Esq. (354900)
mikayla@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 623-0633

*Attorneys for Plaintiff,*
Michael Zarate

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZARATE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDMAN SACHS GROUP, INC.; DISCOVER BANK; AND SCHOOLSFIRST FEDERAL CREDIT UNION,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>(1) **THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.;**<br><br>(2) **THE FAIR CREDIT BILLING ACT, 15 U.S.C. § 1666-1666J; AND,**<br><br>(3) **UNIFORM COMMERICAL CODE, ARTICLE 4A**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. The Fair Credit Billing Act, 15 U.S.C. § 1666-1666j ("FCBA") protects consumers from unfair billing practices by providing a mechanism through which a consumer can dispute a billing error with a creditor. Pursuant to the FCBA, a creditor may not attempt to collect on a disputed debt, threaten to adversely report the disputed amount as delinquent, or adversely report the disputed amount as delinquent until the claim has been investigated and resolved.

3. MICHAEL ZARATE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of GOLDMAN SACHS GROUP, INC. ("Goldman Sachs"); DISCOVER BANK ("Discover"); and SCHOOLSFIRST FEDERAL CREDIT UNION ("SchoolsFirst") regarding unauthorized electronic funds transfers as well as wire transfers.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by each Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and both Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a either of the Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of any Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), (ii) the Fair Credit Billing Act, 15 U.S.C. § 1666, et seq. ("FCBA"), and (iii)

10. Because each Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in Los Angeles County, State of California, California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

13. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

14. Goldman Sachs, Discover, and SchoolFirst routinely engage in the practice of electronic fund transfers as defined by 15 U.S.C 1693a(7).
15. Goldman Sachs, Discover, and SchoolFirst are "financial institution[s]" as defined by 15 U.S.C. 1693a(9).
16. Goldman Sachs, Discover, and SchoolFirst are corporations doing business in Los Angeles County, State of California and are both considered a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.
18. On March 3, 2024, Plaintiff lost his phone.
19. Later that same day, Plaintiff tried logging into his iCloud account for the "Find My iPhone" feature but was denied access due to a required verification from a device that was no longer in Plaintiff's possession.
20. On the following day, Plaintiff attempted to recover his phone number by purchasing another SIM card from T-Mobile. It was once his SIM card was activated that he noticed the unauthorized transactions.
21. Plaintiff discovered to his shock that nearly $10,000 worth of unauthorized transactions occurred using his mobile device which retained his credit and banking apps.
22. Shortly after, Plaintiff contacted SchoolsFirst and Discover to freeze his accounts and dispute the unauthorized charges. A SchoolsFirst representative advised Plaintiff to file a Police Incident Report.
23. Soon after, SchoolsFirst denied Plaintiff's dispute and verified the charges as authorized since the device used to make the purchases seemingly authenticated the purchases.

24. On March 6, Plaintiff submitted a dispute to Goldman Sachs alleging all the transactions that were not authorized by Plaintiff which was confirmed by Goldman Sachs listing the purchases and the amounts per purchase that was associated with Plaintiff's dispute.

25. On March 8, 2024, Plaintiff filed an incident report with the East Los Angeles Police Department.

26. On March 22, 2024, Plaintiff spoke with a representative for the Goldman Sachs Credit Card Services, and she advised Plaintiff on how Goldman Sachs cards and cash are managed separately. Once Plaintiff was able to access his Goldman Sachs cash, he was able to locate more unauthorized purchases. Plaintiff discovered the Perpetrator utilized his Lyft account indicating the Perpetrator was in various locations including Georgia and Nevada, both states that Plaintiff did not visit after he lost his phone.

27. Despite the communications to Plaintiff regarding the suspicious activity, to date, none of the above listed Defendants have refunded any of the funds at issue.

28. At no point during either investigation did Goldman Sachs, Discover or SchoolFirst proactively seek out Plaintiff for any supporting documents or additional information.

29. Further, at no point did any Defendant provide Plaintiff with provisional funds subsequent to the occurrence of the unauthorized transactions.

30. Despite the evidence presented, all Defendants have yet to refund Plaintiff for the fraudulent transactions.

31. Plaintiff submitted his dispute to all Defendants fewer than 60 days from receipt of Account statements showing the unauthorized transactions.

32. Goldman Sachs continues to wrongfully demonstrate a billing error in each of Plaintiff's statements he receives because the transactions should be removed

from his statements due to the immensely document-heavy dispute Plaintiff submitted with Goldman Sachs.

33. Defendants' investigations were unreasonable.
34. More specifically, all Defendants should have discovered from its own records, (including Plaintiff's investigative materials) that the transactions at issue were unauthorized and fraudulent transactions.
35. Defendants did not have a reasonable basis for believing that Plaintiff's account was not in error.
36. Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
37. Through this conduct, Defendants violated 15 U.S.C. § 1693f.
38. Through this conduct, Defendants violated 15 U.S.C. § 1693g.
39. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
40. The complaint concerns an "account" and "electronic fund transfer" via an "accepted card other means of access" and/or "access device" as the terms are defined by 15 U.S.C. § 1693a(1)(2) and (7), respectively and as detailed above.
41. To date, Defendants continue to hold Plaintiff responsible for the fraudulent transactions.
42. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

## [AGAINST SCHOOLSFIRST AND DISCOVER]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

45. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

## VIOLATION OF UNIFORM COMMERCIAL CODE

## ARTICLE 4A

## [AGAINST GOLDMAN SACHS]

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the UCC.

48. As a result of each and every violation of the UCC, Plaintiff is entitled to any reimbursement of the unauthorized wire transfer plus interest.

## COUNT III

## VIOLATION OF THE FAIR CREDIT BILLING ACT

## 15 U.S.C. §§ 1601, ET. SEQ. (FCBA)

## [AGAINST GOLDMAN SACHS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FCBA.

51. As a result of each and every violation of FCBA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1640a (1); statutory damages pursuant to 15 U.S.C. § 1640a (2)(A)(i); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640a (2)(A)(iii).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1640a (1);
- An award of statutory damages of no less than $500 nor greater than $5,000 pursuant to 15 U.S.C. § 1640a (2)(A)(i);
- An award of attorneys' fees pursuant to 15 U.S.C. § 1640a (2)(A)(iii);
- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of reimbursement of the unauthorized wire transfer;
- Interest associated with the unauthorized wire transfer; and,

- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 9, 2025                                      Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Mikayla G. Regier___
      MIKAYLA G. REGIER, ESQ.
      ATTORNEY FOR PLAINTIFF